Ming WANG, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 05–0682–AG.

United States Court of Appeals,
Second Circuit.

Feb. 27, 2006.

Gary J. Yerman, New York, New York,
for Petitioner.

Michael J. Garcia, U.S. Atty. for the
Southern District of New York, Ramon E.
Reyes, Jr., Sara L. Shudofsky, Asst. U.S.
Attys., New York, New York, for Respondent.

PRESENT: Hon. JON O. NEWMAN,
Hon. DENNIS JACOBS, and Hon.
PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this
petition for review of a decision of the
Board of Immigration Appeals ("BIA"), it

**54**

is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Ming Wang, a citizen of China, through counsel, petitions for review of an order of the BIA, entered on January 28, 2005, affirming a November 17, 2003 decision of an IJ. The IJ rejected the petitioner's application for asylum, withholding of removal, and CAT relief. The IJ also ruled that Wang was forever barred from relief under the INA for having filed a frivolous asylum application. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the IJ's decision, we may review the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

■ In the present case, the IJ's denial of Wang's application was supported by substantial evidence. In addition to the fact that Wang had admitted that the assertions in her initial application for asylum were false, and that documents that she had submitted in support of that application were fraudulent, the IJ properly noted that: (1) Wang's testimony was inconsistent with the submitted evidence with respect to the year in which Wang's IUD exams began; (2) the document purported to be the birth certificate of Wang's daughter indicated that the child was a male; and (3) there was no evidence that Wang had a daughter.

Additionally, the IJ's adverse credibility determination was supported by her finding that Wang "was often hesitant and reluctant to answer questions." The IJ specifically noted that Wang was not able to state when the documents that she had submitted arrived in the United States, and was not willing to name the relative from whom she had received those documents. *Id.* at 50. This Court has made clear that "[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern, often at a glance ... whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'...." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). For those reasons, the IJ's denial of Wang's application was supported by substantial evidence.

■ An alien is permanently ineligible for benefits under the INA if he or she has knowingly filed a frivolous application for asylum, and he or she had received notice of the consequences for filing such an application. 8 U.S.C. § 1158(d)(6). "An asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 208.20. Wang admitted that she had signed and filed a fraudulent application after she had received notice of the consequences thereof. Moreover, she subsequently submitted a false affidavit attesting to the truth of the false application, and testified before the IJ that the false application was correct. [JA 97–99, 686] All this occurred before recantation. In these circumstances, the IJ did not err in holding that Wang was permanently ineligible for benefits under the INA. *Matter of M—*, 9 I. & N. Dec. 118, 1960 WL 12153 (BIA 1960), relied on by the petitioner, is distinguishable; the alien there recanted false testimony prior to completing his statement. *Id.* at 119.

The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).